Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1329 | **DATE** | 11/28/2001 |
| **CASE TITLE** | Patricia A. Luna vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion for reconsideration and motion for summary judgment (Doc. No. 18-1, 18-2) are denied. Plaintiff's motion to file her response *instanter* (Doc. 20-1) granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 3 0 2001 date docketed | 26 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | DOCKETING 01 NOV 29 PM 5:32 | 11/28/2001 date mailed notice | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

| | |
|---|---|
| PATRICIA A. LUNA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 00 C 1329 |
| UNITED STATES OF AMERICA, Department of the Navy, | ) ) Judge Rebecca R. Pallmeyer ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

While performing professional services for her employer, Resource Consultants, Inc. ("RCI"), Plaintiff Patricia Luna ("Luna") was injured at Defendant United States Department of the Navy ("the Department")'s Service School Command. *Luna v. United States Dep't of Navy*, No. 00 C 1329, 2001 WL 664445, at **1-2 (N.D. Ill. June 13, 2001). Plaintiff brought this action against the Department under the Federal Tort Claims Act. Defendant sought summary judgment, arguing that the exclusive remedy provisions of the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.*, barred Plaintiff from bringing a lawsuit against a "borrowing employer" such as the Department. In an opinion issued on June 13, 2001, this court denied Defendant's motion, concluding that the United States had failed to demonstrate that there were no disputes of material fact on the question of whether Defendant was a "borrowing employer." *Luna*, 2001 WL



664445 at *4. Defendant now seeks reconsideration of that order. For the reasons set forth below, Defendant's motion for reconsideration is denied.

## DISCUSSION

A party may seek reconsideration of a decision when there has been a manifest error of law or fact, or where new material evidence has been discovered. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Defendant here argues that the court has made a manifest error of law by disregarding controlling precedent.

The issue here is whether Defendant was a "borrowing employer" under the IWCA and thus statutorily protected from Plaintiff's tort claim. Specifically, the statute provides that a worker's compensation claim is the exclusive remedy available when the employee of a "loaning employer" is injured while performing work for a "borrowing employer." 805 ILCS 305/1(a)(4); 805 ILCS 305/5(a). An employer is a "loaning employer" if a substantial part of its business consists of hiring employees for other employers. 820 ILCS 305/1(a)(4).

Defendant argues that in its decision denying summary judgment, the court departed from the Seventh Circuit's ruling in *Belluomini v. United States*, 64 F.3d 299 (7th Cir. 1995). (Def's Renewed Mot. For Summ. J. ("Renewed Motion") at 2.) In *Belluomini*, the Seventh Circuit concluded that the employee-plaintiff's suit was barred because the defendant U.S. Marshal was a "borrowing employer" under the IWCA. *Belluomini*, 64 F.3d at 304. Defendant also contends that the most recent Illinois Supreme Court case on point, *Chicago's Finest Workers Co. v. Industrial*

2

*Comm'n*, 61 Ill.2d 340, 344, 335 N.E.2d 434, 436-37 (1975), further compels this court to conclude that the Department is a "borrowing employer" against which Plaintiff has no common law claim. In short, Defendant argues that *Belluomini* and *Chicago's Finest Workers* stand for the proposition that under Illinois, a determination that there is a "loaning employer" requires the court to conclude that another employer is a "borrowing employer," shielded from tort liability.

The court remains unpersuaded that the cases cited by Defendant mandate this conclusion. In *Chicago's Finest Workers*, the Illinois Supreme Court specifically noted that the defendant's status as a borrowing employer was established in part by evidence showing that it exercised "supervision, control and direction" over the injured employee-plaintiff. *Chicago's Finest Workers*, 61 Ill.2d at 344, 335 N.E.2d at 436. Put differently, the Illinois Supreme Court's analysis incorporated both statutory and "control" factors. Similarly, in *Belluomini*, the Seventh Circuit contemplated both statutory and control tests for determining "borrowing employer" status. Thus, while the *Belluomini* court appears to have assumed that under the IWCA, an employer deemed to be a statutory "loaning employer" could only lend employees to a "borrowing employer," 64 F.3d at 302, it explained further that in cases where defendants were not deemed statutory "borrowing employers" under the IWCA, a second "control" defense was available to defendants.[1] In other words,

---

[1] This second test "focuses on the extent of control which the alleged borrowing employer has over the employee and inquires as to whether a contract existed between the employee and the borrowing employer." *Belluomini*, 64 F.3d at 302.

3

the court applied a statutory test without disavowing or discrediting the control test analysis.

Since *Chicago's Finest Workers* and *Belluomini*, moreover, several appellate state courts have explicitly resisted the statutory argument that an entity automatically becomes a "borrowing employer" whenever a Section 305/1(a)(4) "loaning employer" provides it with an employee. *See Chaney v. Yetter Mfg. Co.*, 315 Ill. App. 3d 823, 734 N.E.2d 1028 (4th Dist. 2000) (finding defendant to be a "borrowing employer" because it controlled the plaintiff's work); *Crespo v. Weber Stephen Prods.*, 275 Ill. App. 3d 638, 656 N.E.2d 154 (1st Dist. 1995) (same). These cases teach that courts seeking to determine the status of defendants in this context under Illinois law must "examine the traditional factors that define the loaned-employee and borrowing-employer relationship," essentially by performing the second, "control" test discussed in *Belluomini*. *Chaney*, 315 Ill. App. 3d at 828, 734 N.E.2d at 1032 (citing *Crespo*, 275 Ill. App. 3d at 642, 656 N.E.2d at 157).

Applying this test to the case at hand, this court turns to the question of whether Defendant qualified as a "borrowing employer" by analyzing the "extent of control which the alleged borrowing employer has over the employee." *Belluomini*, 64 F.3d at 302. In determining the extent of control exercised, the court looks to various factors including: the mode of payment, the character of supervision, the manner and direction of the employee, the right to discharge an employee, and whether a contract exists between the employee and the borrowing employee. *See*

*Chaney*, 315 Ill. App. 3d at 827, 734 N.E.2d at 1031 (citing *Freeman v. Augustine's, Inc.*, 46 Ill. App. 3d 230, 234, 360 N.E.2d 1245, 1247-48 (5th Dist. 1977)).

Unlike *Belluomini*, this case presents disputes of fact concerning whether Defendant falls within the legal requirements of a "borrowing employer." In *Belluomini*, the U.S. Marshals' activities included training and deputizing loaned employees and supplying them with weapons and badges. *Belluomini*, 64 F.3d at 304. Furthermore, the "loaning employer" in *Belluomini* could not change the number of employees on-site without approval from the U.S. Marshals, and the U.S. Marshals determined how security would be provided. *Id.* In this case, by contrast, the record indicates that Plaintiff was supervised and paid by RCI rather than by Defendant. *Luna*, 2001 WL 664445 at *1. Defendant had no right to discipline or discharge Plaintiff. *Id.* Taken in the light most favorable to Plaintiff, moreover, Defendant's witnesses established that Plaintiff neither explicitly nor implicitly agreed to be subject to Defendant's authority. *Id.* at *4.

In light of the factual uncertainties on the record, this court reiterates its original conclusion that Defendant failed to meet its burden of demonstrating that there are no disputes of material fact on the "borrowing employer" issue. Defendant has not demonstrated that it is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration and motion for summary judgment (Doc. No. 18-1, 18-2) are denied. Plaintiff's motion to file her response *instanter* (Doc. No. 20-1) granted.

ENTER:

Dated: November 28, 2001

REBECCA R. PALLMEYER
United States District Judge